IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMELO VELÁZQUEZ-APONTE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIV. NO.: 22-1382 (SCC) |

**OPINION AND ORDER**

Pending before the Court is Petitioner Carmelo Velázquez-Aponte's ("Mr. Velázquez") *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 petition"). *See* Docket No. 1. The Government filed a response in opposition thereto. *See* Docket No. 11. For the reasons below, the Court **DENIES** Mr. Velázquez' § 2255 petition.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Four days after his release from prison for weapons violations, Mr. Velázquez went on a three-day crime spree which resulted in new criminal charges. *See generally United States v. Velázquez-Aponte* (Crim. No. 11-257) (DRD) (JPG).[1]

---

[1] Citations to the criminal case will be as follows: Crim. No. 11-257.

U.S.A. v. Velázquez-Aponte                                                                                          Page 2

Specifically, on July 6, 2011, a grand jury returned an eleven count Indictment charging Mr. Velázquez with four counts of carjacking, one of which resulted in the death of a person, in violation of 18 U.S.C. §§ 2119 and 2119(3); four counts of possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c) and 924(j)(1); two counts of possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Crim. No. 11-257 at Docket No. 8. Mr. Velázquez moved to sever the felon-in-possession count from the other counts. Crim. No. 11-257 at Docket No. 222. That request was granted. Crim. No. 11-257 at Docket No. 239. Therefore, Mr. Velázquez faced two trials. He was convicted in both. Crim. No. 11-257 at Docket Nos. 274, 364, 381 and 383. His convictions were affirmed on appeal. *See United States v. Velázquez-Aponte*, 940 F.3d 785 (1st Cir. 2019).

      On August 9, 2022, Mr. Velázquez filed a § 2255 petition. *See* Docket No. 1.[2] He seeks relief from his sentence in light of the United States Supreme Court's rulings in *United*

---

[2] Below his signature, Mr. Velázquez included an August 3, 2022 date.

U.S.A. v. Velázquez-Aponte                                                                                            Page 3

*States v. Taylor*, 596 U.S. 845 (2022) and *Borden v. United States*, 593 U.S. 420 (2021). *Id.*

## II. LEGAL STANDARD

A federal prisoner may petition to vacate, set aside, or correct his sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *See* 28 U.S.C. § 2255(a). Claims that do not assert a constitutional or jurisdictional error may be raised under § 2255 only if the alleged error "reveal[s] 'fundamental defects[s]' which, if uncorrected, will 'result [ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *See David v. United States*, 134 F.3d. 470, 474 (1st Cir. 1998) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A habeas petitioner bears the burden of presenting sufficient facts to demonstrate that his petition is timely, and that he is eligible for the relief sought. *See Ramos-Martínez v. United States*, 638 F.3d 315, 325 (1st Cir. 2011).

U.S.A. v. Velázquez-Aponte                                                      Page 4

### III. ANALYSIS

Mr. Velázquez' arguments were hard to follow and sometimes contradictory. Upon careful review, the Court understands Mr. Velázquez argues that, since the Supreme Court held in *Taylor* that an attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924 (c)'s force clause, the same also holds true for carjacking offenses. His reasoning is as follows: Since the carjacking offenses are no longer crimes of violence, they cannot serve as the predicate offenses undergirding his four § 924(c) counts. Therefore, his § 924(c) counts should be vacated.

Mr. Velázquez also relies on the Supreme Court's decision in *Borden*. There, the Supreme Court held, *inter alia*, that an offense which can be committed recklessly does not satisfy the *mens rea* requirement for a "violent felony" under the Armed Career Criminal Act ("ACCA"). *See Borden*, 593 at 423. Based on this, Mr. Velázquez argues that the felony murder cross-reference does not apply to his case. He reasons that since carjacking can be committed recklessly, his carjacking resulting in death conviction under 18 U.S.C. § 2119(3) should be vacated.

U.S.A. v. Velázquez-Aponte                                                                 Page 5

The Court will first consider whether Mr. Velázquez' claims under *Taylor* and *Borden* meet the timeliness requirement for filing a § 2255 petition. Then, the Court will evaluate whether both claims overcome procedural default.

**A. Timeliness**

A § 2255 petition is subject to a one-year statute of limitation which starts to accrue on the day the judgment becomes final. 28 U.S.C. § 2255(f)(1). However, a § 2255 petition may still be considered after the expiration of this one-year period if the petitioner asserts a right that has been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). If such is the case, the limitations period starts to accrue from the date the right asserted was made retroactively applicable. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (explaining that "[a]n applicant has one year from the date on which the right he asserts was initially recognized by th[e] [Supreme] Court.").

Mr. Velázquez' § 2255 petition was filed on August 9, 2022. It is premised on a newly acquired right following the Supreme Court's decision in *Taylor* which was decided on

June 21, 2022. *See United States v. Quirk*, No. 05-CR-10183, 2023 WL 1421585, at *3 (D. Mass. Jan. 31, 2023) ("[T]he petitioners have satisfied § 2255's one-year statute of limitations because the petitions were filed within one year of the Supreme Court's decision in Taylor . . . which recognized for the first time a substantive right made retroactively applicable to cases on collateral review."). Therefore, Mr. Velázquez' § 2255 petition is timely with respect to *Taylor*.[3]

However, the Government claims Mr. Velázquez' petition as to *Borden* is untimely. *See* Docket No. 11, pg. 8. The Court agrees. Even assuming *Borden* recognized a new right, it was decided on June 10, 2021 and Mr. Velázquez filed his § 2255 petition more than a year after *Borden* was decided. Accordingly, Mr. Velázquez' § 2255 petition is untimely with respect to his claim pursuant to *Borden*.

### B. Procedural Default

The Government's next line of attack is that Mr. Velázquez procedurally defaulted his claim. "Collateral relief in a § 2255 proceeding is generally unavailable if the

---

[3] The Government conceded as much. *See* Docket No. 11, pg. 1 n.2.

petitioner has procedurally defaulted his claim by 'fail[ing] to raise [the] claim in a timely manner at trial or on [direct] appeal." *See Bucci v. Unites States*, 662 F.3d 18, 27 (1st Cir. 2011) (quoting *Berthoff v. United States*, 308 F.3d 124, 127-28 (1st Cir. 2002)). However, an exception exists in cases where the petitioner can demonstrate either "cause" and "actual prejudice" or "actual innocence." *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

The concept of "cause" in the procedural default context generally hinges on whether the petitioner "can show that some objective factor external to [his] defense impeded counsel's efforts to comply" with the procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). A claim may be deemed novel enough to establish "cause" if its legal basis was not reasonably available to counsel at the time. *Bousley*, 523 U.S. at 622. Additionally, showings "of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray*, 477 U.S. at 495 (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)).

U.S.A. v. Velázquez-Aponte — Page 8

### a. *Claim under Taylor*

The Government argues that, although Mr. Velázquez appealed his conviction, on appeal he did not contest his § 924(c) counts.[4] So, it claims, Mr. Velázquez procedurally defaulted his arguments regarding his 924(c) convictions. The Court agrees. Here, even if Mr. Velázquez could demonstrate cause to excuse his default, the Court would nonetheless reject his claim because he failed to establish "actual prejudice." Furthermore, he has not shown actual innocence.

Indeed, Mr. Velázquez throws around the term "actual innocence" when attempting to develop his argument under *Taylor*. Nevertheless, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623. And Mr. Velázquez' argument under *Taylor* is best read

---

[4] On appeal, Mr. Velázquez raised several claims regarding both his first and second trials. Regarding the first trial, he argued that: 1) he was denied a fair trial because the Court did not independently assess how medication he was taking might affect his competence; 2) the admission of certain DNA evidence violated his rights under the Confrontation Clause; and 3) the Government did not provide enough evidence to support Counts 7 and 8. Regarding the second trial, Mr. Velázquez claimed that the Court: 1) failed to warn the jury against starting deliberations too early, and 2) violated his rights under the Confrontation Clause by allowing certain witness testimony. *See United States v. Velázquez-Aponte*, 940 F.3d 785, 793 (1st Cir. 2019).

U.S.A. v. Velázquez-Aponte | Page 9

as an attempt to advance a legal argument, not a factual argument.

According to Mr. Velázquez, in light of *Taylor*, a completed carjacking does not qualify as a crime of violence and cannot therefore serve as the predicate offense for his 924(c) counts.[5] Mr. Velázquez' argument, however, misinterprets the scope of *Taylor's* holding and ignores First Circuit precedent that remains good law even after *Taylor*.

In *United States v. Cruz-Rivera*, 904 F.3d 63 (1st Cir. 2018), the First Circuit held that carjacking convictions qualify as violent offenses under the force clause of a § 924 (c) count, even if the carjacking is committed by intimidation. After all, to satisfy the elements of a carjacking offense, the Government must prove that the defendant intended to cause death or serious bodily harm during the commission of the carjacking offense. *Holloway v. United States*, 526 U.S. 1, 11-12 (1999); *United States v. Guerrero-Narváez*, 29 F.4th 1, 10 (1st Cir. 2022).

---

[5] Importantly, in *Taylor*, the Supreme Court held that an attempted Hobbs Act robbery does not qualify as a crime of violence. *See generally United States v. Taylor*, 596 U.S. 845 (2022).

| U.S.A. v. Velázquez-Aponte | Page 10 |
|---|---|

At bottom, Mr. Velázquez did not adequately raise an "actual innocence" claim. Instead, he raised a legal argument, which at the end of the day missed the mark because *Cruz-Rivera* remains good law. *Taylor* did not undermine *Cruz-Rivera's* holding that a completed carjacking is a crime of violence. Therefore, Mr. Velázquez failed to overcome the procedural default hurdle as far as his argument under *Taylor* is concerned.

  b. Claim under *Borden*

Mr. Velázquez' claim under *Borden* fares no better. For starters, as previously discussed, the claim is untimely because Mr. Velázquez failed to raise it within § 2255's one-year statute of limitation. Second, he procedurally defaulted this claim. He has not shown "cause" as to why the argument was not raised on appeal and he has not demonstrated actual prejudice for the simple reason that *Borden* has no bearing on his case.[6]

---

[6] Mr. Velázquez also failed to invoke actual innocence exception as to *Borden*. In any event, the Court's analysis for his claim under *Taylor* also applies. He has not shown actual innocence.

U.S.A. v. Velázquez-Aponte                                                                 Page 11

Mr. Velázquez cannot claim actual prejudice under *Borden*, since he was not sentenced under the ACCA.[7] Mr. Velázquez appears to conflate the application of the felony murder cross-reference, which served as the applicable sentencing guideline for his § 2119(3) conviction, with the scope of *Borden*, which is limited to prior felony convictions under the ACCA that trigger sentencing enhancements. As such, *Borden* does not undermine the application of the felony murder cross-reference in Mr. Velázquez' case.[8] Consequently, the Court finds that Mr. Velázquez has not made a substantial showing of actual prejudice in relation to *Borden*, and his request to vacate the § 2119(3) conviction and felony murder cross-reference is without merit.

---

[7] The "ACCA enhances the sentence of anyone convicted under 18 U.S.C. § 922(g) of being a felon in possession of a firearm if he has three or more prior convictions (whether state of federal) for a violent felony." *Borden v. United States*, 593 U.S. 420, 423 (2021) (quotations omitted). This "penalty enhancement kicks in only when a defendant has committed no fewer than three offenses meeting the statute's definition of violent felony." *Id.*

[8] Mr. Velázquez erroneously argues that felony murder is the predicate offense supporting his § 924(c) counts. However, the predicate offense is the completed carjacking resulting in death pursuant to 18 U.S.C. § 2119(3). *See* Crim. No. 11-257 at Docket No. 404, pg. 36. Since he was convicted of killing the victim of the first carjacking, the Court applied a felony murder cross-reference. *Id*.

### C. Evidentiary Hearing

Mr. Velázquez also asks the Court to hold an evidentiary hearing. *See* Docket No. 1-1, pg. 9. He makes that request in the "Conclusion" of his § 2255 petition. *Id*. "Evidentiary hearings on § 2255 petitions are the exception, not the norm . . . and the petitioner bears the burden of establishing the need for an evidentiary hearing." *See DeCologero v. United States*, 802 F.3d 155, 167 (1st Cir. 2015) (cleaned up). An evidentiary hearing "is not necessary" when a § 2255 petition "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." *See United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). Since Mr. Velázquez' claims are based on misunderstandings of the law which do not entitle him to relief, no evidentiary hearing is warranted.

### D. Certificate of Appealability

One loose end remains. Rule 11(a) of the Rules Governing Section 2255 Proceedings instructs that, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To warrant a certificate of appealability, Mr. Velázquez must have made "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this case, Mr. Velázquez has not made such a showing. Therefore, he is not entitled to a certificate of appealability. Of course, and if he deems so necessary, Mr. Velázquez may apply directly to the First Circuit for a certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b)(1).

## IV. Conclusion

For the reasons stated, Mr. Velázquez' § 2255 petition is **DENIED**. Judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of May 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE